JOHN STETZ, PLAINTIFF, v. PAULINE GOOGER ET AL., DEFENDANTS.

Argued November 4, 1940—Decided February 27, 1941.

Before Justice DONGES, sitting alone.

For the rule, *W. Louis Bossle.*

*Contra, Daniel Lichtenthal.*

DONGES, J. This is a rule to show cause why a judgment entered by confession on bond and warrant of attorney should not be set aside. The facts briefly appear to be that on July 18th, 1929, the defendants executed a bond and mortgage to the plaintiff in the sum of $5,000 covering premises known as 1425 Mt. Ephraim avenue, Camden. One Whaland was the broker who negotiated the loan and the proceeds

thereof were left with him for the purpose of paying off existing liens against the premises, the intent of the parties being to give plaintiff a first mortgage. Whaland failed to pay two mortgages held by the German Centennial Building and Loan Association and that association started foreclosure proceedings. The plaintiff in the present action, as well as the defendants herein, were named defendants in the foreclosure suit and the defendants-mortgagors filed a counter-claim against the present plaintiff seeking to require him to credit upon his mortgage debt the amount which Whaland should have paid to the building and loan association.

The matter was litigated, the decisive point of the controversy being whether Whaland acted as the agent of the mortgagors or of the mortgagee. Both the Court of Chancery and the Court of Errors and Appeals determined that Whaland acted as agent of the mortgagors (defendants herein) and that they must bear the loss occasioned by his defalcation. 117 *N. J. Eq.* 532. The final decree in that case adjudged that there was due the plaintiff herein the sum of $5,000 plus interest upon his mortgage. A surplus in court over and above the amount due the building and loan association was ordered to be paid to him and to be credited upon his mortgage. Thereupon the plaintiff entered the judgment now under attack in the sum of $3,603.58. The judgment was signed November 30th, 1932, and filed in the clerk's office December 21st, 1932. Nearly eight years later the present proceeding was started to vacate the judgment.

Three reasons are urged for opening the judgment. The first is that the judgment was not entered as of the last precedent term. The statute then in effect provided that "* * * it shall be the duty of such justice or judge, at the end of a fair copy of such bond or obligation and warrant of attorney, to cause to be entered an appearance for the obligor or obligors to an action of debt, as of the last precedent term of the court * * *." The statute contains the form of judgment, in the heading of which there is a place for the insertion of the term of court. In the form used in the instant case, the term of court was not inserted, the heading reading "New Jersey Supreme Court Of the term of

in the year of our Lord one thousand nine hundred and thirty-two."

It is contended that in a proceeding such as this the statute must be strictly followed and that the failure to insert the term is fatal to the judgment. There is nothing before me to show how the judgment was actually entered in the clerk's office. The presumption is that it was properly entered there as of the precedent term.

Section 9 of the statute, 1 *Comp. Stat.*, *p.* 221, provided "* * * no such judgment shall be reversed for error or misprision of the clerk in entering the same, or defect of form in the entry thereof * * *." I conclude that the omission of the term was a mere defect of form and not of substance. There is no question of priority between creditors but merely a contention that a judgment based upon a cause of action to which no meritorious defense is asserted is void because of this omission; and that contention is raised for the first time nearly eight years after the judgment was entered. I conclude that this is such a defect of form as is contemplated by the ninth section and is not fatal to the judgment.

The second ground urged is that the copy of the bond attached to the order for judgment was not a fair copy of the original. This is based upon the claim that certain provisions of the original bond respecting taxes, defaults, the production of tax receipts and a reference to an accompanying mortgage, were omitted from the copy used. These provisions were entirely immaterial. At the time the judgment was entered, there was in existence a decree of the Court of Chancery adjudging the amount due upon plaintiff's mortgage. The omitted portions could have no bearing upon either the right to a judgment or the amount thereof. This, if a defect at all, was a mere defect of form and not fatal to the judgment.

The third ground is that the affidavit does not state the true consideration of the bond. The affidavit states that the consideration was $5,000 loaned to the obligors. The deposition of the defendant Schloss has been submitted to me and he testified that at the hearing in the Court of Chancery the

plaintiff herein testified that he had been paid a bonus of $150 at the time of making the mortgage loan. Therefore, it is urged, the true consideration should have been stated as $4,850 instead of $5,000 and this is a defect which voids the judgment. However, I think this question may not now be raised. As stated, the decree in the Chancery suit fixed the amount due the plaintiff as the full sum of $5,000 plus interest. That settled the question of the amount due. If any claim was to be made for reduction because of a bonus, it should have been made in that suit. All the parties to this suit were in court then and the matter is now *res judicata*. The present contention amounts to a collateral attack upon the decree in the former suit and cannot succeed.

This leads to a discharge of the rule.